VAN NORTWICK, J.
Courtney McCord, the parent of the minor Ben McCord, challenges the entry of an injunction for protection against repeat violence entered on the authority of section 784.046, Florida Statutes (2012). This injunction issued for the benefit of another minor, Alex Cassady, whose parent, Karen *1136 Cassady, petitioned for injunctive relief on her son’s behalf. Because Ms. Cassady failed to establish that she was entitled, on behalf of her son, to an injunction for protection against repeat violence, we reverse the final judgment.
For a time, Alex Cassady and Ben McCord attended the same middle school, attended the same church, and lived near one another. In April 2011, Ms. Cassady sought an injunction for protection against repeat violence on behalf of her minor son Alex, who was then 14 years of age. Attached to the petition for an injunction was a sworn affidavit in which Alex Cassady detailed instances of actual and threatened harm against him by Ben McCord. A temporary injunction issued, but was dissolved when the parties later stipulated to a “no contact” order. By this order, Ben McCord was directed to have no contact with Alex Cassady and to stay 500 feet away from the Cassady residence, Swift Creek Middle School, and Capital City Christian Church. Ben McCord was further ordered not to commit any acts of violence against Alex Cassady; and he was prohibited from possession of any firearm, ammunition, or “any form of weapon including archery equipment or knives.” Neither the temporary injunction nor the “no contact” order contained findings of fact as to any acts of violence or stalking committed by Ben McCord.
On July 30, 2012, Ms. Cassady filed a “Motion for Modification of Injunction for Protection Against Repeat Violence.” By this pleading, Ms. Cassady sought to add a specific provision regarding Alex’s high school which he was scheduled to soon attend. In response, Ms. McCord sought to dismiss the previously issued “no contact” order, arguing that such an order was unauthorized by law.
An evidentiary hearing was granted on Ms. Cassady’s motion of July 30, 2012, and thereafter, the trial court entered an order styled “Order Ruling on Pending Motions and Clarifying Injunction.” In this order, the trial court notes that Ms. McCord moved to dismiss the previously entered “no contact” order, but the trial court did not specifically rule on the motion to dismiss. The trial court did make detailed factual findings regarding instances of violence or stalking committed by Ben McCord upon Alex Cassady. The trial court made no findings, however, as to the dates of the commission of these acts of violence or stalking. A separate injunction against repeat violence thereafter issued on November 14, 2012, broadly prohibiting contact of Alex Cassady by Ben McCord.
To be granted an injunction for protection against repeat violence, a petitioner must show that he or she has actually been the victim of repeat violence. § 784.046(4)(a), Fla. Stat. (2012). In order to establish “repeat violence,” the governing statute provides that it must be shown that at least “two incidents of violence or stalking [were] committed by the respondent, one of which must have been within six months of the filing of the petition, which are directed against the petitioner or the petitioner’s immediate family member.” § 784.046(l)(b); see Cannon v. Thomas, 133 So.3d 634 (Fla. 1st DCA 2014).
On appeal, Ms. McCord argues that the injunction lacks a sufficient factual basis. The trial court was free to accept the testimony of Alex Cassady. That testimony alone could have supported the issuance of an injunction had he testified as to an act of violence or stalking within six months of the filing of the motion of July 30, 2012. See Windom v. State, 886 So.2d 915, 927 (Fla.2004) (“This Court has held that it will not substitute its judgment for that of the trial court on questions of fact, and likewise on the credibility of witnesses and the weight given to the evidence so *1137 long as the trial court’s findings are supported by competent, substantial evidence.”). There was no evidence, however, that Ben McCord committed an act of violence or stalking within six months of the filing of the motion of July 30, 2012. Indeed, all of the conduct found by the trial court to have constituted acts of violence or stalking by Ben McCord occurred no later than April 2011.
Because the stipulated “no contact” order contained no factual findings which would support issuance of an injunction for protection against repeat violence pursuant to section 784.046, the order cannot be construed as such an injunction. As this court has explained, in the absence of proof of the statutory prerequisites, we cannot deem a no contact order as being, in effect, an injunction for protection against repeat violence. Horne v. Endres, 61 So.3d 428, 431 (Fla. 1st DCA 2011). In fact, the “no contact” order does not purport to be issued on the authority of section 784.046, although it does repeatedly employ the term “injunction.”
Furthermore, by entry of the injunction under review, the trial court did not simply modify the previously entered “no contact” order despite the fact that the parties could, by the express provisions of that order, move to modify or dismiss it.[1] Instead, the trial court entered, for the first time, a final judgment of injunction for protection against repeat violence on the authority of section 784.046. In so doing, the trial court utilized Form 12.980(Z), the standard form approved by Florida Supreme Court for use in the entry of a final judgment of injunction for protection against repeat violence.[2] Thus, we are constrained to reverse the injunction because there is no evidence of an act of violence or stalking within six months of the filing of Ms. McCord’s motion of July 30, 2012, which the trial court treated as a petition for an injunction for protection against repeat violence. See § 784.046(l)(b). The final judgment of injunction cannot relate back to the original petition of April 2011 because, by stipulating to the “no contact” order, Ms. Cassady effectively abandoned her request for relief accorded by section 784.046. As noted, a “no contact” order such as the one issued below is not the equivalent of an injunction issued on the authority of section 784.046. See Home, 61 So.3d 428.
REVERSED.
WOLF and CLARK, JJ., concur.

. The propriety of the consent order is not before us as that order was not the subject of the notice of appeal. We note that neither the "Order Ruling on Pending Motions and Clarifying Injunction” nor the final judgment of injunction entered on November 14, 2012, expressly vacates that order.

. Originally adopted in In re Amendments to the Florida Family Law Rules, 713 So.2d 1 (Fla. 1998).